

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

FTB:EWS
F. #2022R00718

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 6, 2025

By ECF & E-Mail

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Leon Sardar
                Criminal Docket No. 22-135 (ADM)

Dear Judge Donnelly:

      The government respectfully submits this letter in advance of the defendant's sentencing proceeding, which is scheduled for August 12, 2025, at 12:00 p.m.

I.    Factual and Procedural Background

      On September 12, 2023, the defendant was convicted and sentenced to two years' probation for stealing government property, in violation of Title 18, United States Code, Section 641. Over the course of ten years, the defendant stole $139,853.21 worth of Department of Veterans Affairs ("VA") benefit checks that were addressed to, and intended for, the spouse of a deceased military veteran. Although the applicable U.S. Sentencing Guidelines range at the time of sentencing was 10 to 16 months' imprisonment, the Court significantly varied downwards and imposed a term of probation. The Court also imposed restitution in the full amount of the loss to the VA. The judgment provided that restitution was "due immediately and payable at a rate of 10% of [the defendant's] gross monthly income while on probation." ECF No. 31 at 5.

      Probation commenced on September 12, 2023. Over the ensuing 20 months, the defendant made virtually no effort to fulfill his court-ordered obligation to pay restitution.[1] In fact, the defendant's first restitution payment, which totaled $50.00, did not come until May 12,

---

[1] Nor has the defendant fully paid the court-ordered $100 special assessment. To date, he has an outstanding balance of $50.

2025—the day before the U.S. Probation Department ("Probation") filed a violation of probation report ("VOPR") describing the defendant's failure to pay restitution. The VOPR described how the defendant was admonished on several occasions to pay restitution and provide documentation establishing his financial means. The VOPR also alleged that the defendant "presented a cavalier appearance as it relates to remitting his ordered payments" because he knew "he is scheduled to terminate probation within the next few months." VOPR at 5. The defendant made a second $50 payment towards restitution on June 5, 2025, the day he was arraigned. He pleaded guilty to the VOPR charging him with failing to pay restitution on July 9, 2025.[2]

In addition to the two $50 restitution payments that the defendant made earlier this year, beginning in June 2025, $374.40 ($187.20 per month) was deducted from the defendant's Social Security Disability Insurance ("SSDI") benefit checks pursuant to the Treasury Offset Program ("TOP"). A total of $331.12 was applied towards the defendant's outstanding restitution obligation.

## II.     Applicable Statutory and Guidelines Provisions

If a defendant violates a condition of probation at any time prior to its expiration, at the time of sentencing, the court may consider any of the factors enumerated in Section 3553(a). 18 U.S.C. § 3565(a); see also Esteras v. United States, 145 S. Ct. 2031, 2041 (2025) (observing that, unlike with respect to violations of supervised release, Section 3565(a) authorizes district courts to consider all 3553(a) factors when sentencing probation offenders). The Court may continue the defendant on probation, with or without modifying or enlarging his conditions or probation, extend the term of supervision, or revoke probation and resentence the defendant under the statutory penalties and applicable Guidelines at the time of his underlying sentencing. 18 U.S.C. § 3565(a)(1)-(2). Because the defendant pleaded guilty to a Grade C violation, the Court may revoke probation and impose custody or extend or modify the existing term of probation. See U.S.S.G. §§ 7B1.1(a)(2)-(3). The applicable Guidelines range is 3-9 months' imprisonment, as the defendant was in Criminal History Category I at the time of sentencing on his underlying conviction. U.S.S.G. § 7B1.4(a).

## III.    Sentencing Recommendation

The government respectfully submits that the Court should revoke the existing term of probation and resentence the defendant to four months' home confinement with community service, to be followed by one year of supervised release. Doing so would send an important message to this defendant and others similarly situated that restitution is an important component of one's sentence and that the defendant's breach of trust should be punished. That is especially so here, where the defendant was enriched by his criminal conduct to the tune of nearly $140,000 and kept virtually all of it even after his conviction.

---

[2] In addition to charging the defendant with failing to pay restitution (Charge One), the VOPR included charges of failing to follow the instructions of the probation officer related to his condition of supervision (Charge Two) and failing to report to the probation officer as instructed (Charge 3).

   To be clear, it is no excuse that the defendant collects disability benefits and is unemployed.  This is not a case where the defendant merely fell short of fulfilling his restitution obligations.  This defendant flagrantly violated those obligations.  And, up until the eve of the VOPR's being filed, he could not even be bothered to make a single restitution payment as a gesture of good faith, underscoring how little respect he has shown for the Court and Probation.  Nor does it matter that TOP will divert a portion of the defendant's monthly SSDI checks to pay down his outstanding restitution balance.  TOP is not a replacement for paying restitution.  The interest on the defendant's restitution totals $20.87 per day—which, at more than $500 per month, will well exceed the defendant's monthly TOP offsets.  Indeed, as of August 4, 2025, the defendant's restitution obligation now stands at $153,015.09.

   Early termination of probation, as defense counsel indicated it would request when the defendant pleaded guilty last month, would not be an appropriate sentence.  It would reward the defendant's outright defiance of this Court's order and signal to others that paying restitution is optional.  In asking the Court to revoke probation and sentence the defendant to home confinement and community service, the government has taken great care to fashion a sentencing recommendation that balances the need for punishment, deterrence, and to promote respect for the law with the practical realities that the defendant is of limited means.  But his financial condition is no reason to let him get away with it.  If the defendant is not a position to pay restitution because of his financial circumstances, he should be ordered to pay his debt to society by other means.  And, in light of the defendant's failure to follow basic court orders, there is a continued need for him to remain under court supervision to ensure he leads a law-abiding life.

             Respectfully submitted,

             JOSEPH NOCELLA, JR.
             United States Attorney

      By:  /s/ Eric Silverberg
          Eric Silverberg
          Assistant U.S. Attorney
          (718) 254-6365

cc: Clerk of the Court (AMD) (by ECF and E-mail)
   Nora Hirozawa, Esq., counsel to the defendant (by E-mail)
   U.S. Probation Officer Sabrina Gargano (by E-Mail)